UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 N. Main Avenue<br>Tucson, AZ 85701,<br><br>      Plaintiff,<br><br>      v.<br><br>RYAN ZINKE, in his official capacity as<br>Secretary of the U.S. Department of the Interior,<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>      and<br><br>U.S. FISH AND WILDLIFE SERVICE,<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>      Defendants. | Case No: 1:18-cv-01127<br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

INTRODUCTION

1.  Plaintiff Center for Biological Diversity (the Center), an environmental conservation organization that works to protect native wildlife species and their habitats, brings this action under the Endangered Species Act, 16 U.S.C. §§ 1531–1544 (ESA), to challenge the failure of the Secretary of the U.S. Department of the Interior (Secretary) and the U.S. Fish and Wildlife Service (FWS) to make an ESA-mandated finding on whether to list the San Joaquin Valley giant flower-loving fly (Fly) as "endangered" or "threatened" under the ESA. *Id.* § 1533(b)(3)(B).

2.       The Fly (*Rhaphiomidas trochilus*) is one of the largest flies in North America. Its sole remaining population is threatened by sand mining, putting the Fly in imminent danger of extinction from habitat loss and degradation.

3.       Due to these threats, on June 11, 2014, two entomologists submitted an emergency petition (Petition) to list the Fly as endangered under the ESA. On April 10, 2015, Defendants found that the Petition provided substantial information that listing the Fly "may be warranted." *Id.* § 1533(b)(3)(A); *see also* 80 Fed. Reg. 19,259, 19,262 (Apr. 10, 2015).

4.       Having found that listing the Fly may be warranted, Defendants were statutorily required to make, by June 11, 2015, a final determination as to whether the Fly warrants listing as endangered or threatened. 16 U.S.C. § 1533(b)(3)(B). However, Defendants did not make the required listing determination by the deadline, and to date have not done so. Consequently, Defendants are in violation of the ESA.

5.       Compliance with the ESA is necessary to ensure the survival and recovery of the Fly. Hence, to remedy Defendants' violation of the ESA, Plaintiff requests an order declaring that Defendants are in violation of the ESA's mandatory deadlines and ordering Defendants to publish the overdue finding on the Petition to list the Fly by a date certain. *Id.* § 1540(g)(1).

## JURISDICTION AND VENUE

6.       The Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g)(1)(C) (action arising under ESA citizen suit provision), 5 U.S.C. § 702 (review of agency action under the Administrative Procedure Act (APA)), and 28 U.S.C. § 1331 (federal question jurisdiction).

7.       The Court may grant the relief requested under the ESA, 16 U.S.C. § 1540(g), the APA, 5 U.S.C. §§ 701–706, and 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief).

8. Plaintiff provided sixty days' notice of its intent to file this suit pursuant to the citizen suit provision of the ESA, 16 U.S.C. § 1540(g)(2)(C), by letter to Defendants dated February 22, 2018. Defendants responded by letter dated April 18, 2018, acknowledging receipt of the notice letter, but did not remedy their continuing ESA violation by the date of this complaint's filing. Therefore, an actual controversy exists between the parties under 28 U.S.C. § 2201.

9. The federal government has waived sovereign immunity in this action pursuant to 16 U.S.C. § 1540(g) and 5 U.S.C. § 702.

10. Venue is proper in the United States District Court for the District of Columbia pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e), because at least one of the Defendants resides in that district.

## PARTIES

11. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a nonprofit organization incorporated in California and headquartered in Tucson, Arizona, with field offices throughout the United States and Mexico, including Arizona; California; Colorado; Florida; Hawaii; Idaho; Minnesota; Nevada; New Mexico; Oregon; Washington; Washington, D.C.; and La Paz, Mexico. The Center works through science, law, and creative media to secure a future for all species, great or small, hovering on the brink of extinction. The Center has more than 63,000 members. The Center and its members are concerned with the conservation of imperiled species, including the Fly, and with the effective implementation of the ESA.

12. Plaintiff's members include individuals with professional, aesthetic, and recreational interests in the Fly and its habitat.

13. Plaintiff's members include the two entomologists who submitted the Petition. These entomologists have studied and viewed the Fly in its sole remaining habitat in southern Kern County on many different occasions over the last two decades and have plans to do so again in the future.

14. These entomologists are personally and professionally concerned with the fate of the Fly. This concern moved them to submit the Petition to list the Fly as endangered under the ESA.

15. Defendants' failure to comply with the ESA's nondiscretionary deadline for a listing determination for the Fly prevents the completion of the listing process and deprives the Fly of statutory protections that are vitally necessary to the species' survival and recovery. Until the Fly is protected under the ESA, Plaintiff's interests in the Fly and those of its individual members are impaired. Therefore, Plaintiff and its members are injured by Defendants' failure to make a timely finding as to whether to list the Fly, as the agency's delay prevents the application of the ESA's substantive protections to the species. These injuries are actual, concrete injuries presently suffered by Plaintiff's members, are directly caused by Defendants' inaction, and will continue to occur unless this Court grants relief. The relief sought herein—an order compelling a listing determination for the Fly—would redress these injuries. Plaintiff and its members have no adequate remedy at law.

16. Defendant RYAN ZINKE is the United States Secretary of the Interior and is the federal official in whom the ESA vests final responsibility for making decisions and promulgating regulations required by and in accordance with the ESA, including listing determinations. Secretary Zinke is sued in his official capacity.

17.     Defendant UNITED STATES FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior that is charged with implementing the ESA for the Fly, including through prompt compliance with the ESA's mandatory listing deadlines.

## STATUTORY FRAMEWORK

18.     The ESA is a comprehensive federal statute declaring that endangered and threatened species are of "esthetic, ecological, educational, historical, recreational, and scientific value to the Nation and its people." 16 U.S.C. § 1531(a)(3). The purpose of the ESA is to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species." *Id.* § 1531(b).

19.     To this end, ESA section 4 requires that the Secretary protect imperiled species by listing them as either "endangered" or "threatened." *Id.* § 1533(a)(1). The Secretary has delegated its administration of the ESA to FWS. 50 C.F.R. § 402.01(b).

20.     The ESA's conservation measures apply only once FWS lists a species as threatened or endangered. For example, section 7 of the ESA requires all federal agencies to ensure that their actions do not "jeopardize the continued existence" of any listed species or "result in the destruction or adverse modification" of a species' "critical habitat." 16 U.S.C. § 1536(a)(2). Section 9 of the ESA prohibits, among other things, "any person" from intentionally taking listed species, or incidentally taking listed species, without a lawful authorization from FWS. *Id.* §§ 1538(a)(1)(B) and 1539. Other provisions require FWS to designate "critical habitat" for listed species, *id.* § 1533(a)(3); require FWS to "develop and implement" recovery plans for listed species, *id.* § 1533(f); authorize FWS to acquire land for the protection of listed

species, *id.* § 1534; and authorize FWS to make federal funds available to states to assist in its efforts to preserve and protect threatened and endangered species, *id.* § 1535(d).

21. To ensure the timely protection of species at risk, Congress set forth a detailed process whereby citizens may petition FWS to list a species as endangered or threatened. The process includes mandatory, nondiscretionary deadlines that FWS must meet so that species in need of protection receive the ESA's substantive protections in a timely fashion. The three required findings, described below, are the 90-day finding, the 12-month listing determination (also known as the "12-month finding"), and for species that FWS determines warrant protection, the final listing determination.

22. Upon receipt of a listing petition, FWS must "to the maximum extent practicable, within 90 days" make an initial finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* § 1533(b)(3)(A). If FWS finds that the petition does not present substantial information indicating that listing may be warranted, the petition is rejected and the process ends.

23. If, on the other hand—and as in this case—FWS determines that a petition does present substantial information indicating that listing may be warranted, then the agency must publish that finding and proceed to conduct a full scientific review of the species' status. *Id.* This is called a "status review."

24. Upon completion of this status review, and within twelve months from the date that it receives the petition, FWS must make a listing determination (or 12-month finding) with one of three determinations: (1) listing is "warranted"; (2) listing is "not warranted"; or (3) listing is "warranted but precluded" by other pending proposals for listing species, provided certain circumstances are present. *Id.* § 1533(b)(3)(B).

25. If FWS's 12-month finding concludes that listing is warranted, the agency must publish notice of the proposed regulation to list the species as endangered or threatened in the Federal Register for public comment. *Id.* § 1533(b)(3)(B)(ii). Within one year of publication of the proposed regulation, the ESA requires FWS to render its final determination on the proposal. *Id.* § 1533(b)(6).

FACTUAL BACKGROUND

26. The Fly, pictured below, is a large, gray-brown fly with pale yellowish bands on its abdominal segments.



27. Beginning its life in moist sand, Fly larvae are opportunistic predators of soft-bodied insects that share the Fly's sandy environment. During times of scarcity, Fly larvae can molt, losing weight and size in the process.

28.     After reaching maturity, the Fly is capable of fast and extended flight. It can hover like a hummingbird and cover distances of up to 100 meters in less than six seconds. The flight season for the Fly ranges from July to September, although this can vary annually.

29.     The Fly requires fine sandy soil with relatively sparse native vegetation to survive.

30.     Although the Fly once ranged throughout the San Joaquin Valley as far north as the Antioch Dunes of Contra Costa County, California, only one population is known to remain today. It is located in southern Kern County, California.

31.     Most of the former habitat of the Fly, including in the Antioch Dunes, has been destroyed or degraded by sand mining or agriculture. Today, only about one percent of the Fly's former range is still occupied by the species.

32.     The primary threat to the Fly is habitat loss and degradation. Sand mining threatens the only known population.

33.     No regulatory mechanisms—*e.g.*, no federal, state, or local laws or rules—adequately protect the Fly from the existential threat of sand mining.

34.     Therefore, two preeminent entomologists formally petitioned FWS to list the Fly as an endangered species on June 26, 2014. *Available at* https://ecos.fws.gov/docs/petitions/92210/665.pdf.

35.     In response to the Petition, on April 10, 2015, FWS published a 90-day finding in the Federal Register, pursuant to section 4(b)(3)(A) of the ESA, 16 U.S.C. § 1533(b)(3)(A), that listing the Fly as endangered or threatened under the ESA "may be warranted," and initiated a status review for the species. 80 Fed. Reg. at 19,262.

36. Accordingly, FWS was required to determine whether the Fly is endangered or threatened—and, in a 12-month finding, whether listing the species under the ESA is warranted, not warranted, or warranted-but-precluded—by June 26, 2015, 16 U.S.C. § 1533(b)(3)(B). To date, FWS has failed publish the required 12-month finding for the Fly.

CLAIM FOR RELIEF

Violation of the Endangered Species Act, 16 U.S.C. § 1533(b)(3)(B)
Failure to Make a 12-Month Listing Determination for the
San Joaquin Valley Giant Flower-loving Fly

37. Plaintiff re-alleges and incorporates all preceding paragraphs.

38. The ESA required Defendants to make a 12-month finding within twelve months of their receipt of the Petition to list the Fly as an endangered species under the ESA. 16 U.S.C. §1533(b)(3)(B). Defendants are in violation of that express statutory command.

39. Plaintiff and its members are injured by FWS's failure to issue the required 12-month finding, violating Congress's mandate in the ESA that FWS issue that decision within twelve months.

40. The APA states that a reviewing court "shall" interpret statutes and "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

41. Defendants' failure to make a 12-month finding on the Petition is a violation of the ESA and its implementing regulations, 16 U.S.C. § 1533(b)(3)(B), and constitutes agency action that has been "unlawfully withheld or unreasonably delayed," within the meaning of the APA. 5 U.S.C. § 706(1).

REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court enter Judgment for Plaintiff providing the following relief:

  A. Declare that Defendants have violated the ESA and/or the APA by failing to issue a timely 12-month finding on the Petition to list the San Joaquin Valley giant flower-loving fly as endangered under the ESA;

  B. Order the Defendants to issue, by a date certain, a 12-month finding on the Petition to list the San Joaquin Valley giant flower-loving fly as endangered under the ESA, 16 U.S.C. § 1533(b)(3)(B);

  C. Grant Plaintiff its reasonable attorneys' fees and costs as provided by the ESA, 16 U.S.C. § 1540(g)(4), and/or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

  D. Provide such other relief as the Court deems just and proper.

Dated this 11th day of May, 2018        Respectfully submitted,

                       */s/ Ryan Adair Shannon*

                       Ryan Adair Shannon
                       (D.C. Bar No. OR 00007)
                       Center for Biological Diversity
                       P.O. Box 11374
                       Portland, OR 97211-0374
                       (503) 283-5474 ext. 407
                       rshannon@biologicaldiversity.org

                       */s/ Amy R. Atwood*
                       Amy R. Atwood
                       (D.C. Bar No. 470258)
                       Center for Biological Diversity
                       P.O. Box 11374
                       Portland, OR 97211-0374
                       (971) 717-6401
                       atwood@biologicaldiversity.org

                       *Attorneys for Plaintiff*